THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>TAMMY LYNN ANGEL,<br><br>Debtor. | CHAPTER 13<br><br>CASE NO. 2-22-BK-06382-BKM<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-5 | $1,156.00 |
| 6-60 | $1,240.00 |

The payments are due on or before the 25th day of each month commencing October 25, 2022. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding

- 1 -

shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtor will provide a copy of the 2022 through 2026 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.bkdocs.us.

(2) Other Property. The Debtor shall turnover their nonexempt net federal and state income tax refunds for the tax year of 2022 to be applied as supplemental payments to be paid first to unsecured, priority claims, and then to unsecured, nonpriority claims. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500.00. Counsel received $50.00 prior to filing this case and will be paid $4,450.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

   (a) None.

(3) <u>Claims Secured by Personal Property:</u>

- 2 -

In re Angel
Case No. 2-22-BK-06382-BKM

(a) American First Credit Union, secured by a lien in a 2021 Starcraft, shall be paid a secured claim of $31,116.78 with 5.500% interest. The creditor will receive adequate protection payments of $300.00 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

    (a) Internal Revenue Service shall be paid an unsecured priority claim of $8,291.17 with no interest for income taxes.
    (b) Arizona Department of Revenue shall be paid an unsecured priority claim of $93.83 with no interest for income taxes.
    (c) North Dakota Office of State Tax Commissioner shall be paid an unsecured priority claim of $3,592.31 with no interest for income taxes
    (d) North Dakota Child Support State Disbursement Unit shall be paid an unsecured priority claim of $3,333.44.
    (e) North Dakota Child Support State Disbursement Unit shall be paid an unsecured priority claim of $12,142.70.

(5) <u>Surrendered Property:</u>

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) None.

(6) <u>Other Provisions:</u>
    (a) The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the

- 3 -

filing of the petition.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:


Russell Brown
2023.03.30 12:45:57 -07'00'
_____
Russell Brown, Trustee


_____
Tom McAvity
Attorney for Debtors

- 4 -

In re Angel
Case No. 2-22-BK-06382-BKM

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*Tammy L. Angel*
_____
TAMMY LYNN ANGEL, Debtor